IT IS SO ORDERED.

Dated: 8 February, 2012 02:38 PM



JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------------x
                                        :

| | |
|---|---|
| In re | :   Chapter 11 |
| | : |
| Franciscan Communities St. Mary of the Woods, Inc.,[1] | :   Case No. 11-19865 |
| | : |
| Debtor. | :   Judge Jessica E. Price Smith |
| | : |

---------------------------------------------------------------x

### ORDER (I) AUTHORIZING THE DEBTOR TO (A) HONOR CLAIMS RELATING TO RESIDENT ENTRANCE FEES AND (B) CONTINUE TO ESCROW ENTRANCE FEES OF NEW RESIDENTS AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the Motion of Debtor and Debtor in Possession

for an Order (I) Authorizing Debtor to (A) Honor Claims Relating to Resident Entrance Fees and

(B) Continue to Escrow Entrance Fees of New Residents and (II) Granting Related Relief

---

[1]     The Debtor, Franciscan Communities St. Mary of the Woods, Inc. (Employer Tax Identification No. 51-0436466), is an Illinois not-for-profit corporation with a business address of 1055 West 175th Street, Homewood, Illinois 60430 and a principal place of business of 35755 Detroit Road, Avon, Ohio 44011.

(the "Motion"),[2] filed by above-captioned debtor and debtor in possession (the "Debtor"); the Court having reviewed the Motion and the Amiano Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and the Amiano Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtor is authorized, to the extent permitted under the DIP Budget and the Final DIP Order but otherwise in its sole discretion to pay the Prepetition Entrance Fee Refund Claims in the ordinary course of business.

3. The Debtor is authorized to (a) open or, to the extent previously opened, maintain the Postpetition Escrow Account, (b) deposit the Prepetition Escrow Funds into the Postpetition Escrow Account or, to the extent such funds were deposited during the pendency of the Motion, continue to escrow the Prepetition Escrow Funds in the Postpetition Escrow Account and (c) deposit Postpetition Entrance Fees in the Postpetition Escrow Account. All funds held in the Postpetition Escrow Account shall be held in escrow for the benefit of Escrow Residents to the extent of their deposits therein and in accordance with the Escrow Provisions, and the interest

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

of such residents in the Postpetition Escrow Account shall be first in priority and superior to the rights of the DIP Lender and the Prepetition Secured Lenders.

4. The following provisions (the "Escrow Provisions") shall apply to all funds deposited or to be deposited in the Postpetition Escrow Account:

- To the extent not previously refunded to an Escrow Resident in accordance with the terms described in the Motion and this Order, each Escrow Resident's undisputed Entrance Fee or Reservation Deposit will be refunded from the Postpetition Escrow Account to the Escrow Resident (or his or her estate or heirs) to the extent of such resident's deposit in the Postpetition Escrow Account if (a) the Debtor's facility closes or (b) an Escrow Resident's Reservation Agreement or Residency Agreement is not (i) assumed in connection with confirmation of a plan of reorganization or (ii) assumed and assigned in connection with a sale of the Debtor's facility.

- If an Escrow Resident's Reservation Agreement or Residency Agreement is assumed and assigned in connection with a sale of the Debtor's facility or assumed in connection with a plan of reorganization, funds held in the Postpetition Escrow Account on account of such Escrow Resident shall be distributed as directed by further order of the Court.

- Notwithstanding anything to the contrary herein or in the Depository Agreement, any Reservation Agreement or Residency Agreement, the Debtor shall not direct any distribution on account of an Entrance Fee Refund Claim (other than a refund of a Reservation Deposit during the seven day rescission period provided for in Residency Agreements) from the Postpetition Escrow Account without providing written notice to: (a) counsel for the Creditors' Committee and (b) the Master Trustee in accordance with the notice provisions in the Final DIP Order.

- If neither the Creditors' Committee nor the Master Trustee object to the noticed distribution in a writing delivered to the Debtor within five business days from the date of service of the notice, the Debtor may direct the Depository Agent to make the noticed distribution. If the Creditors' Committee and/or the Master Trustee object to the noticed distribution and the parties cannot reach a resolution, the noticed distribution will not be made without further order of the Court.

- The Escrow Provisions will terminate upon: (a) either (i) a sale of substantially all of the Debtor's assets, (ii) entry of a final non-appealable order confirming a plan of reorganization in the Debtor's chapter 11 case or (iii) closure of the Debtor's facility; and (b) the completion of any distributions to Escrow Residents required under the Escrow Provisions. Any funds remaining in the Postpetition Escrow Account after termination

of the Escrow Provisions shall be distributed as directed by further order of the Court.

5. The Debtor is authorized to use the funds deposited in the Postpetition Escrow Account by Escrow Residents to pay Entrance Fee Refund Claims of Escrow Residents to the extent of the deposit of such Escrow Residents' funds in the Postpetition Escrow Account; provided, however, that such payments may be made only to the extent such payments are otherwise due and owing to such residents (or their estate or heirs) in accordance with the terms of this Order, the Depositary Agreement and the applicable Residency Agreement(s), Reservation Agreement(s) and the Escrow Provisions.

6. All of the Debtor's financial institutions are hereby authorized and directed to process, honor and pay all checks and electronic payment requests related to Entrance Fees from the Debtor's accounts; provided, however, the relief described in this paragraph shall not apply to any accounts described in paragraph 13.d of the Final DIP Order that are maintained by the Master Trustee or the Bond Trustees (as defined in the Final DIP Order).

7. Nothing herein is intended to impair or limit the liens or security interests granted to the Master Trustee or DIP Lender under the terms of the Final DIP Order.

8. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:

s/Carl E. Black
Carl E. Black (OH 0069479)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
E-Mail: ceblack@jonesday.com

ATTORNEY FOR DEBTOR AND
DEBTOR IN POSSESSION